

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Tom L. Hartley
Criminal District Attorney
Edinburg, Texas

Dear Sir:

Opinion No. 0-7008
Re: Under the provisions of Art. 1066b, can the city use the same board of equalization as the school district where the city and school district have separate tax assessors and collectors? And related questions.

We have carefully considered your letter requesting the opinion of this department upon the captioned questions. We copy in part from your request as follows:

"The City of McAllen and the McAllen Independent School District have through a joint arrangement heretofore employed an expert to complete the appraisal of properties within the City of McAllen and the McAllen Independent School District for use by the respective municipalities as information which will be available to the respective boards of equalization in aid of more equitable equalization of values.

"The McAllen Independent School District is an independent school district, created by special act of the legislature, House Bill No. 677, passed at the regular session of the 34th Legislature. The McAllen Independent School District includes within its boundaries all of the City of McAllen and in addition thereto includes lands outside of the city limits of the City of McAllen but adjacent thereto. The Board of Trustees of the McAllen Independent School District and the City Commission of the City of McAllen have felt that it would be to the public interest for the same three men to serve as the board of equalization for both the City and the School District, the City alone however compensating the members of said board for their services. The board would sit at the same time for both the City and the School District, rendering however separate reports to each municipality.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Tom L. Hartley, page 2

"Three questions are presented to you for answer:

"FIRST: Under the provisions of Article 1066B can the City use the same board of equalization as the School District where the City and the School District have separate tax assessors and collectors?

"SECOND: Is Article 1066B unconstitutional in the light of Sec. 40, Art. 16 of the Constitution which says no person, with certain exceptions, shall hold or exercise at the same time, more than one office of emolument.

"THIRD: If it is your opinion that Art. 1066B can be used only if the municipality (the City in this case) entirely within the boundary of a larger municipality (the School District) also uses the same tax assessor and collector as the larger municipality would an arrangement as heretofore outlined where both the City and School District use the same three men as members of the boards of equalization for both the City and School District, the City paying them for their services, constitute a violation of Sec. 40, Art. 16 of the Constitution? It is my understanding that in your opinion No. O-3175 you held that the City of Amarillo and the Amarillo Independent School District could use the same three men as a Board of Equalization for both municipalities while you seem to hold the contrary in your opinion No. O-3721."

We answer your first question in the negative for we believe it is apparent from reading Article 1066b that it was the intention of the Legislature that a municipality or district located within another municipality or district in electing to utilize the services of the Tax Assessor, Board of Equalization, and Tax Collector of such other municipality or district must use the entire services of the officers and board and not merely the service of one of them. The provisions throughout this article refer to the utilization of the services of the officers and board conjunctively; there is not the slightest intimation that the services of one of the officers or board may be used and not those of the others. The language quoted below from Article 1066b well substantiates this inference:

"Any . . . municipality or district in the State of Texas, located entirely within the boundaries of another municipality or district is hereby empowered, to authorize, by ordinance or resolution, the Tax Assessor, Board of Equalization and Tax Collector of the municipality in

Hon. Tom L. Hartley, page 3

which it is located to act as Tax Assessor, Board of
Equalization and Tax Collector respectively for the
municipality or district so availing itself of the
services of said officers and Board of Equalization.

"The property in said municipality or district
utilizing the services of such Assessor, Board of
Equalization and Collector shall be assessed at the
same value as it is assessed for taxing purposes by
the municipality or district the services of whose
officers and Board of Equalization are being utilized.

"When the ordinance or resolution is passed making
available their services, said Assessor shall assess
the taxes for and perform the duties of Tax Assessor
for the municipality or district so availing itself
of his services; the said Board of Equalization shall
act as and perform the duties of a Board of Equalization
for said municipality or district so availing itself of
its services, and said Collector shall collect the taxes
and assessments for, and turn over as soon as collected
to the depository of said municipality or district or
to such other authority as is authorized to receive such
taxes and assessments, all taxes or money, so collected,
and shall perform the duties of Tax Collector of said
municipality or district so availing itself of his
services.

"In all matters pertaining to such assessments and
collections the said Tax Assessor, Board of Equalization
and Tax Collector shall be, and hereby are, authorized
to act as and shall perform respectively the duties of
Tax Assessor, Board of Equalization and Tax Collector of,
and according to the ordinances and resolutions of the
municipality or district so availing itself of their
services, and according to law."

The Legislature in the emergency clause of the act
codified as Article 1066b provides that overlapping districts
and municipalities with separate assessing and collecting
agencies have caused hardship and confusion and added to the
expense of assessing and collecting, and this act was to
relieve such conditions. Merely using the services of one
of the officers or board of another district or municipality
would be no relief to the confused situation, in fact, it would
cause greater confusion. It is only the utilization of the
services of all the officers and board by such municipality
or district which would bring about the desired result.

Hon. Tom L. Hartley, page 4

You have requested that we furnish you this opinion by June 3. We believe that the answer we have given to your first question at the present time at least renders moot our answering the other questions submitted in your request. Therefore, we are only rendering an opinion upon the first submitted question; and if you still desire an opinion upon the other questions, please advise and we shall be glad to render our opinion thereon.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     Robert O. Koch
Robert O. Koch
Assistant

ROK:AMM

